UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEON GARLAND,<br><br>　　　　*Plaintiff*,<br><br>　v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA,<br><br>　　　　*Defendant*. | Civil Action No. 26-00087 (AHA) |

**Memorandum Opinion**

Leon Garland sues the District of Columbia alleging he was injured while working for the District and seeking damages. ECF No. 1 at 4. On review of Garland's complaint, the court concludes it cannot be brought in federal court and dismisses for lack of subject matter jurisdiction.

To proceed in federal court, a plaintiff's complaint must plausibly establish federal subject matter jurisdiction. *See Shuler v. United States*, 531 F.3d 930, 932 (D.C. Cir. 2008). In considering whether the complaint does so, the court must "assume the truth of all material factual allegations in the complaint and 'construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged,' and upon such facts determine jurisdictional questions." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citations omitted). Because Garland is proceeding pro se, the court is careful to give extra leeway, evaluating the complaint "in light of all filings." *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (quotation marks omitted) (quoting *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015)). However, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Garland appears to assert a personal injury claim against the District under D.C. law and relies on diversity jurisdiction to bring it in federal court rather than in D.C. Superior Court. However, the complaint does not plausibly establish diversity of citizenship. The diversity statute gives federal courts jurisdiction over civil actions between citizens of different states where more than $75,000 is in controversy. 28 U.S.C. § 1332(a)(1). Garland asserts diversity jurisdiction exists because he is a Virginia citizen and the District is, well, in the District. ECF No. 1 at 3. But it is well-established "the District is not subject to the diversity jurisdiction of the federal courts" because it is not considered a "citizen" of a state. *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987). Garland accordingly cannot establish diversity of citizenship on this basis. Therefore, the court lacks subject matter jurisdiction over Garland's complaint, although he can likely sue in D.C. Superior Court.

For these reasons, the court dismisses Garland's complaint without prejudice. A separate order accompanies this memorandum opinion.

_____
AMIR H. ALI
United States District Judge

Date:   February 6, 2026